**12 CV 1294**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHLOE SOWERS,

    Plaintiff,

CITY OF NEW YORK,
KEVIN MCKEON, and
NEW YORK DOWNTOWN HOSPITAL,

    Defendants.

------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

12 cv ( )

## NATURE OF ACTION

1. This action is brought by plaintiffs to recover damages for the unconstitutional use of force, assault and illegal detention.

## THE PARTIES

2. Plaintiff is a resident of Staten Island, New York.

3. The City of New York is a municipal corporation whose residence is in all five counties of New York City.

4. Defendant McKeon is an employee of the New York City Police Department, upon information and belief at the 1st Precinct, and is stationed at night at the Manhattan side of the Staten Island ferry. He resides in Staten Island

5. New York Downtown Hospital is a New York corporation residing in New York County on Williams Street.

1

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983. The common law claims against the City of New York and against Downtown New York Hospital are brought under the court's ancillary jurisdiction insofar as they arise out of the same common nucleus of operative fact.

7. Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c), inter alia, in that the City of New York is deemed to reside in this jurisdiction.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

8. On December 8, 2011, claimant was observing all applicable laws, waiting to board to Staten Island Ferry for Staten Island. She estimates the time at around 11:59 PM.

9. She had just returned from a function thrown by Absolut Vodka where she had consumed four vodka martinis between the hours of 8 and 11. She takes alcohol only about three nights in a month.

10. At the party, she had water and food along with the cocktails. When she arrived at the ferry, she was hydrating with coconut water. She was intoxicated, but functioning and in control of her faculties. She had not ingested any illegal substances. Ms. Sowers is in good mental and physical health, eats and exercises regularly. As it happened, there were no available seats for the waiting area next to

2

the ferry door, so she was sitting near the entrance, as she has done before and as many people do when there are no seats. She was in control of her situation despite having returned from a party after having had some cocktails.

11.   At that time and place, one Officer McKeon, ID # 902867, a stocky male Caucasian in his forties, approached Ms. Sowers to ask if she was ok.

12.   Plaintiff didn't mind the inquiry and responded "yes." McKeon asked in response whether she wanted to go to the hospital. Ms. Sowers did not understand why in heaven's name, McKeon thought she would need to go to a hospital, and Ms. Sowers responded that she did not.

13.   The 12 PM[1] ferry had arrived and plaintiff wanted to board it to go home. McKeon, however, stopped plaintiff from boarding the ferry. He said nothing, except to prevent her from boarding the ferry.

14.   Ms. Sowers said "You just made me miss my ferry! OK fine, I'll just sit here and wait for the next ferry," and she went to sit on the bench to wait for the next ferry.

15.   McKeon approached and insisted that plaintiff had to go to the hospital. He did not say why.

16.   Being tipsy in public is not illegal in the state of New York, and being intoxicated is not a reason to go to the hospital. Plaintiff is a 37 year old woman,

---

[1] It was either the 12 or 1230 ferry.

3

and at 5'10", 148 pounds, not an anorexic waif. At the time was hydrating and capable of taking care of herself.

17. Officer McKeon called EMS, which arrived and examined plaintiff.

18. McKeon gave the plaintiff the "choice" to volunteer to go to the hospital or be taken forcibly.

19. She did not volunteer and she was therefore arrested, handcuffed, and forced into a wheelchair, then tied up on a gurney.

20. She was taken by ambulance to New York Downtown Hospital.

21. Hospital employees – nurses and attendants – came to her. She specifically told them she refused any treatment and demanded to be released. She began to untie herself from her restraints and an employee from Downtown said, "Hey it looks like we got a Houdini here." McKeon had left by this point.

22. She was then forcibly put into a mini straight jacket, and involuntarily sedated with, upon information and belief, an antipsychotic. Plaintiff has never been hospitalized before and aside from a brief period and is fully in control of her mental faculties. She is a college graduate and has a full-time job as a web developer. The antipsychotic knocked her out and the restraints caused severe pain and bruising, as is evidenced by the picture attached as "Exhibit A."

21. Before he had left, McKeon spoke to the EMS and hospital personnel but plaintiff did could not hear what he was saying. Plaintiff was left on the bed, sedated with a powerful drug, and at some point she fell asleep.

22. No charges were filed, as no crime had been committed.

23. In the morning, claimant woke up, was unrestrained by a nurse who asked her if she needed to use the bathroom. She then went toward the bathroom, saw an exit, and left the hospital altogether. She went home, and called in sick. By the next day she was able to attend a full day at work, but the drug she was injected with caused three days of grogginess. The hospital did not try to retrieve her, or even call, but it did send her a bill, along with some others, which she has no intention of paying. She now sues for redress.

## FIRST CAUSE OF ACTION
## FALSE ARREST & IMPRISONMENT UNDER 42 U.S.C. § 1983

24. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

25. Plaintiff was arrested without probable cause. The conduct of defendants – including Downtown Hospital which acted as an agent of the state – violated plaintiff's right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

26. By virtue of the foregoing, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
### FAILURE TO INSTRUCT, SUPERVISE, AND CONTROL DIRECTED COGNIZABLE UNDER MONNELL AND 42 U.S.C. § 1983 BY ALL PLAINTIFF AND AGAINST THE CITY OF NEW YORK

27. Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. At all times relevant to this complaint, defendants as officers of the City of New York Police Department, was acting under the direction and control of the City of New York, which acted through its agents and employees who were responsible for making policy of the police department, its officers and operations, and the individually named defendants were acting pursuant to either official policy or the practice, custom and usage of the City of New York and its Police Department.

29. Acting under color of law, by and through the policy makers of the City of New York and pursuant to official policy or custom and practice, the City of New York intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of New York, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants in the performance of their duties to refrain from

    a.    excessive use of force;

    b.    arresting citizens without cause;

30. The City of New York had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts, were going to be committed. Defendant City of New York had power to prevent the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of New York failed or refused to do so.

31.     As a result of the foregoing, plaintiff was deprived of her right to be secure in his person, against unreasonable seizure of his person and against the use of excessive force in violation of the Eighth, Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983, and has been damaged.

### THIRD CAUSE OF ACTION
### EXCESSIVE USE OF FORCE
### 42 U.S.C. § 1983

32.     Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

33.     Acting under color of state law, defendants – including Downtown Hospital, which acted as an agent of the state – used excessive force and conducted caused emotional and physical injuries.

34.     As a result of the foregoing, Plaintiffs has been damaged and demands compensatory and punitive relief.

### FOURTH CAUSE OF ACTION
### FALSE ARREST & IMPRISONMENT

35.     Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

36.     Plaintiff was held and imprisoned against her will; she was aware of the confinement and it was not otherwise privileged because plaintiff was not a danger to herself or others and there was no probable cause that she had committed a crime.

37.     By virtue of the foregoing, Plaintiff has been damaged.

## FIFTH CAUSE OF ACTION
### BATTERY

38. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

39. Defendants intentionally engaged in bodily contact with plaintiff, and such contact was harmful or offensive in nature.

40. By virtue of the foregoing, Plaintiff has been damaged.

## SIXTH CAUSE OF ACTION
### ASSAULT

41. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

42. Defendants intentionally placed plaintiff in apprehension of immediate battery.

43. By virtue of the foregoing, Plaintiff has been damaged.

**WHEREFORE,** Plaintiffs demand as follows:

A. Compensatory damages;

B. Punitive damages to be determined by the trier of fact;

C. Cost of suit and attorneys fees pursuant to 42 U.S.C. § 1988;

D. Such other relief as the Court may deem just and proper.

Dated: New York, New York
February 21, 2012

GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff
18-20 WEST 21ST STREET, SUITE 802
New York, NY 10010
(212) 334-7397

8